

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO DIEGO,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>DOMINGO URIBE, JR., Warden,<br><br>　　　　　Respondent. | CASE NO. ED CV 09-00582 CJC (RZ)<br><br>ORDER TO SHOW CAUSE RE TIMELINESS |

　　　　The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

　　　　In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).

The current petition was filed on March 24, 2009 and bears a signature date of March 18, 2009. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) On August 10, 2000, a Riverside County Superior Court jury convicted Petitioner of murder and other charges. Pet. ¶¶ 1-2. He was sentenced to state prison for 29 years to life. Pet. ¶ 2(f).

(b) Petitioner appealed. The California Court of Appeal affirmed on March 20, 2002. On June 12, 2002, the California Supreme Court denied further direct review. Pet. ¶¶ 3, 4. He did not petition the United States Supreme Court for a writ of *certiorari*. His conviction therefore became final 90 days later, on September 10, 2002, when the high court's deadline for seeking such relief expired. *See* SUP. CT. R. 13.1.

(d) Petitioner promptly began a first round of state habeas petitions in the trial, appellate and state supreme courts, without success. The California Supreme Court denied his final first-round petition on September 10, 2003.

(e) Four years passed. At some point in mid-2007, Petitioner began a second round of state habeas petitions, again without success. Although this Court cannot discern whether this second round included a *trial*-court petition, public records indicate that the California Court of Appeal and California Supreme Court denied second-round habeas relief on September 13, 2007 and December 10, 2008, respectively.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It appears that Petitioner's AEDPA period expired in mid-September of 2004, one year after his first

round of state habeas petitions ended in failure. Petitioner's commencement of a second round of state-habeas challenges several years thereafter did not render this action timely. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

No basis for equitable tolling appears from the face of the petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"), *quoted in Harris, supra*, 515 F.3d at 1054-55.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: March 27, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE